IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCATION BASED TECHNOLOGIES, a Nevada corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JENS DALSGAARD, et al.,<br><br>　　　　Defendants.　　　　　　　　　／ | No. C 09-01618 WHA<br><br>**ORDER SETTING<br>HEARING ON MOTION<br>FOR INJUNCTIVE RELIEF** |

　　　　Plaintiff filed this action on April 13, and on April 16 filed an application for a temporary restraining order and order to show cause regarding a preliminary injunction. An April 17 order set a hearing on the motion for April 23 contingent upon service of the summons, the complaint, the TRO application and supporting documents, and a copy of the April 17 order. Thereafter, on April 21, Attorney White for defendants submitted a letter indicating that the parties had reached an "agreement in principle" to resolve the case and that plaintiff had agreed to vacate the TRO hearing in order to facilitate reduction of the agreement to writing. An April 22 order therefore vacated the hearing and set a deadline of April 30 to file a dismissal pursuant to the claimed settlement, failing which an expedited case management schedule was to be set. On the eve of that deadline, Attorney White wrote to request an extension until May 6. The request was granted.

　　　　Now, nearly one month after the application for a temporary restraining order was filed, Attorney Coffino for plaintiff has submitted a letter dated May 7 indicating that the parties were unable to document their settlement and requesting that the Court set a new hearing for the TRO

application and appoint a magistrate judge to hold a settlement conference. Attorney Coffino is vague as to whether or not counsel ever served the summons, complaint, TRO application and the April 17 order.

It would be improper to order an expedited TRO hearing without proper service having been effected. Moreover, the long hiatus since the original request for a TRO (which was then withdrawn) indicates that a TRO is not necessary. Nonetheless, the Court will allow only a hearing on a preliminary injunction and only on the condition that the summons and complaint along with the application for an injunction, all supporting documents and a copy of this order are served on defendants by Wednesday, **MAY 1, 2009, AT NOON**, together with a new declaration updating the record concerning why provisional relief is needed. If proper service is effectuated, defendants' brief in opposition shall be due Thursday, **MAY 21, 2009, AT NOON**. Any reply brief shall be due Monday, **MAY 25, 2009**, at noon. A hearing will be held Wednesday, **JUNE 3, 2009, AT 2:00 P.M**. The request for a magistrate will be considered at the preliminary injunction hearing. An accelerated case management conference will also be held at the June 2 hearing. All relief in the interim is denied.

**IT IS SO ORDERED**.

Dated: May 8, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE